UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES DAVID FISH,

      Plaintiff,

      v.                                           Case No. 26-C-50

STEVEN S. WIMMER, et al.,

      Defendants.

---

## SCREENING ORDER

---

      Plaintiff James David Fish, who is currently representing himself, brought this action against Defendants Steven S. Wimmer, Matthew Spence, and two John Does. Plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. The court has reviewed the affidavit submitted in support of the motion for leave to proceed without prepayment of the filing fee and concludes that Plaintiff lacks sufficient income and/or assets to pay the filing fee. Accordingly, the motion for leave to proceed without prepayment of the filing fee is granted.

      District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is pro se, serves the important function of protecting putative defendants from the expense of hiring an attorney to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. *Id.* Given the increase in lawsuits filed by nonlawyers who are not bound by the Rules of Professional Responsibility and the substantial cost of retaining an attorney for federal litigation, prompt screening of pro se complaints by the court would seem an essential tool for

fulfilling the command that the Federal Rules of Civil Procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. At the same time, when exercising its screening discretion, a court "must take care that initial impressions, and the lack of an adversarial presentation, not lead to precipitate action that backfires and increases the duration and cost of the case." *Hoskins*, 320 F.3d at 763. When screening a complaint, the court must determine whether the complaint states at least a plausible claim for which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8. To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

According to the complaint, on October 1, 2024, Sheboygan County Sheriff's Department Deputy Wimmer pulled Plaintiff over for an expired registration tag. Deputy Wimmer took Plaintiff's driver's license and ran it on his computer. When he returned, Deputy Wimmer told Plaintiff to exit his vehicle. Deputy Wimmer searched Plaintiff's car without his consent and found empty containers of THC. At a motion hearing, Deputy Wimmer admitted he had no indication that anything illegal was in Plaintiff's vehicle. Plaintiff's state criminal proceeding was ultimately dismissed.

Plaintiff asserts that Deputy Wimmer did not have a lawful basis to search his vehicle. The Fourth Amendment guarantees the right of persons to be free from "unreasonable searches and seizures" by the government. U.S. Const. amend. IV. "[W]arrantless searches 'are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" *United States v. Paige*, 870 F.3d 693, 701–02 (7th Cir. 2017)

2

(quoting *Arizona v. Gant*, 556 U.S. 332, 338 (2009)). Under the "automobile exception," "an officer may search a vehicle when the officer has probable cause to believe that the vehicle contains evidence of criminal activity." *Id.* at 702 (citing *Maryland v. Dyson*, 527 U.S. 465, 467 (1999) (per curiam); *Carroll v. United States*, 267 U.S. 132, 153 (1925)). Plaintiff alleges that Deputy Wimmer did not have probable cause to believe that his vehicle contained evidence of criminal activity. Based on these allegations, Plaintiff may proceed on a Fourth Amendment unlawful search claim against Deputy Wimmer.

Plaintiff also names Sheriff Matthew Spence and two John Does as defendants, but the complaint contains no allegations against these individuals. As a result, Sheriff Matthew Spence and the two John Does will be terminated as defendants from this action.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Sheriff Matthew Spence and John Does are **TERMINATED** from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the Complaint and this Order upon Steven S. Wimmer pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. § 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provisions for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that Steven S. Wimmer shall file a responsive pleading to the Complaint within the time allowed under the Federal Rules of Civil Procedure.

Finally, Plaintiff must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. It could also result in dismissal of the lawsuit.

Dated at Green Bay, Wisconsin this 12th day of January, 2026.

                                                William C. Griesbach
                                                United States District Judge